The Honorable Booker T. Clemons State Representative 3408 S. Virginia Street Pine Bluff, AR 71601-7395
Dear Representative Clemons:
I am writing in response to your request for my opinion on the following questions:
 1. Pursuant to Arkansas law, are individuals occupying the positions of Chief of Police and/or Fire Departments considered civil servants subject to ACA 14-51-301, especially when the individual rose through the ranks of the department to the position of Chief of Police?
 2. If the Chief position were subject to ACA 14-51-301, would one be correct in believing that this temporary appointment could not exceed 60 days as designated in 14-51-301(8)(b), since an emergency was not declared?
 3. Would the interim Chief be ineligible for examination for advancement to the Chief position since he did not serve at least one year in the lower rank and was terminated during his probation period pursuant to ACA 14-51-301(4)(A)(ii), if the Commission should decide to fill the position from outside the department?
 4. In order to fill the Chief's position according to ACA 14-51-301, would I be correct in believing that the Commission has two options it may exercise: 1) to appoint a permanent replacement from within the ranks according to the rules and regulations, or 2) testing for the position and creating an eligibility list?
 5. Should the aforestated ordinance become law, would the city council be infringing upon the Commission's authority to create qualifications for the positions and eligibility lists for the Chief to make necessary appointments there from?
 6. Would one be correct in assuming that the proposed ordinance as currently written is considered a promotion and not a new designation (title) of an old position, which would be usurping the authority of the Chief?
You recite the following background as having prompted these questions:
 The Chief of Police was terminated by a majority vote of the Pine Bluff Civil Service Commission at its regular meeting in August 2002, without notice that he was on the agenda for consideration to be terminated or that any discipline issues were under consideration. The Chief of Police prior to the Commission's meeting terminated the probationary Assistant Chief. The second Assistant Chief of Police was exercising his rights under FMLA[1] and did not have all the necessary credentials to be appointed the Chief. Four Captains had previously been rotating the duties of the Assistant Chief during periods when the assistant chief position was vacant. Only one of the four Captains possessed the credentials for the Chief's position. The majority commissioners nominated, voted and appointed the then terminated Assistant Chief interim Chief until a permanent Chief was appointed without declaring an emergency. There are no eligibility lists for the position of Chief of Police currently.
 The City Council has before it a proposed ordinance eliminating the two current assistant chief positions, then to create four deputy chief positions and designating that the current four captains be promoted to the new deputy chief positions.
You have enclosed a copy of the proposed ordinance with your request.
RESPONSE
I must respectfully decline to answer your questions, which raise issues that are currently the subject of litigation before the United States District Court for the Eastern District of Arkansas in a case styledNathaniel Clark v. City of Pine Bluff, USDC 5:03CV431. In order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are pending in the courts. I regret I could not be of assistance in this matter.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] The Family and Medical Leave Act, 29 U.S.C. 2601 et seq.